**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 15 2020

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CAROL LEHMKUHL, Individually and on Behalf of All Others Similarly Situated**                              **PLAINTIFF**

vs.                                    No. 4:20-cv-518-DPM

**TRAVEL NURSE ACROSS AMERICA, LLC**                              **DEFENDANT**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Carol Lehmkuhl ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys Courtney Lowery and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action against Defendant Travel Nurse Across America, LLC ("Defendant"), and in support thereof she does hereby state and allege as follows:

### I.     PRELIMINARY STATEMENTS

1.     This is a collective action brought by Plaintiff, individually and on behalf of all other hourly-paid workers employed by Defendant who received one or more bonus payments at any time within a three-year period preceding the filing of this Complaint.

2.     Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff and other hourly-paid workers lawful overtime compensation for hours worked in excess of forty (40) hours per week.

This case assigned to District Judge Marshall
and to Magistrate Judge Volpe

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Defendant does business in the Central Division of the Eastern District of Arkansas, and a substantial part of the events alleged herein occurred in this District; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

6. The records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

## III. THE PARTIES

7. Plaintiff is an individual and resident of Benton County, Minnesota.

8. Defendant is a domestic limited liability company.

9. Defendant's registered agent for service is Gene Scott, at 5020 Northshore Drive, Suite 2, North Little Rock, Arkansas 72118.

10. Defendant maintains a website at https://tnaa.com/.

## IV. FACTUAL ALLEGATIONS

11. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12. Defendant is an "employer" within the meanings set forth in the FLSA and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the collective.

13. Defendant is a healthcare staffing firm.

14. Defendant has offices all over the county, including one in North Little Rock.

15. Plaintiff was hired through Defendant's office in North Little Rock, although she was assigned to work in Michigan for the duration of her contract.

16. Defendant has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

17. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

18. At all material times, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA.

19. Plaintiff was employed by Defendant within the three (3) years preceding the filing of this Original Complaint.

20. Specifically, Plaintiff was employed by Defendant as an hourly-paid surgical assistant from January of 2020 until March of 2020.

21. Defendant also employs nurses, technicians and therapists, who, upon information and belief, are paid in the same manner as Plaintiff.

22. Plaintiff and similarly situated employees were classified as nonexempt from the overtime requirements of the FLSA and were paid an hourly rate.

23. In addition to their hourly rate, Plaintiff and similarly situated employees were paid a housing allowance and a meal allowance.

24. Plaintiff and similarly situated employees regularly worked in excess of forty (40) hours per week throughout their tenure with Defendant.

25. Defendant paid Plaintiff and similarly situated employees 1.5x their base hourly rate for each hour they worked over forty (40) in a workweek.

26. However, Defendant did not include the housing or meal allowances that were paid to Plaintiff and other similarly situated employees in their regular rates when calculating their overtime pay.

27. Defendant paid Plaintiff and similarly situated employee a bonus of $5.00 per hour for every hour they spent "on call."

28. However, Defendant did not include the bonuses that were paid to Plaintiff and similarly situated employees in their regular rates when calculating their overtime pay

29. Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as bonuses and housing allowances, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

30. Defendant violated the FLSA and AMWA by not including all forms of compensation, such the bonuses and housing allowances paid to Plaintiff and similarly situated employees, in their regular rate when calculating their overtime pay.

31. Upon information and belief, Defendant's pay practices were the same for all hourly workers who received housing and meal allowances.

32. Upon information and belief, the pay practices that violate the FLSA alleged herein were the same at all of Defendant's locations because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters.

33. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiffs and other hourly-paid workers violated the FLSA.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

34. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

35. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

36. Plaintiff brings her FLSA claim on behalf of all hourly-paid workers employed by Defendant at any time within the applicable statute of limitations period, who were paid an hourly wage in addition to a housing and/or meal allowance or received a bonus, and who are entitled to payment of the following types of damages:

   A.   Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek;

   B.   Liquidated damages; and

   C.   Attorneys' fees and costs.

37. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

38. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

     A.    They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

     B.    They were paid hourly rates;

     C.    They received housing allowances and meal allowances;

     D.    They received nondiscretionary bonuses for hours spent on-call;

     E.    They worked over forty hours per week in at least one week;

     F.    They were subject to Defendant's common policy of improperly calculating overtime pay for hours worked over forty (40) per work week.

39.    Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds two hundred (200) persons.

40.    Defendant can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

### VI.   FIRST CLAIM FOR RELIEF
#### (Individual Claim for Violation of the FLSA)

60.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

61.    29 U.S.C. § 207 requires employers to pay employees 1.5x the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

62.   Defendant classified Plaintiff as nonexempt from the requirements of the FLSA.

63.   Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including bonuses and housing and meal allowances paid to Plaintiff in her regular rate when calculating her overtime pay.

64.   Defendant failed to pay Plaintiff an overtime rate of one and one-half times her regular rate for all hours worked in excess of forty hours per week.

65.   Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

66.   By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred within the three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

67.   Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

68.   Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

69.   Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

70.   Plaintiff brings this collective action on behalf of all hourly-paid workers employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for all the overtime compensation for all the hours they worked in excess of forty (40) each week.

71.   Plaintiff brings this action on behalf of themselves individually and on behalf of all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

72.   29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C.S. § 207.

73.   Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including all forms of compensation, such as non-discretionary bonuses and housing and/or meal allowances paid to Plaintiff and similarly situated hourly employees, in their regular rate when calculating their overtime pay.

74.   In the past three years, Defendant has employed at least two hundred (200) hourly-paid workers.

75.   Like Plaintiff, these hourly-paid workers regularly worked more than forty (40) hours in a week.

76.   Defendant failed to pay these workers at the proper overtime rate.

77. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in class may be properly defined as:

**Each hourly employee in the past three years who earned a bonus in connection with work performed or a housing or meal allowance in any week in which they worked over forty hours.**

78. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

79. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

80. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and all those similarly situated as provided by the FLSA, Plaintiffs and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Carol Lehmkuhl respectfully pray that Defendant be summoned to appear and to answer herein as follows:

A. That Defendant be required to account to Plaintiff, the collective members and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

B. A declaratory judgment that Defendant's practices violate the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

C. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

D. Judgment for damages for all unpaid overtime compensation under the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

E. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the collective during the applicable statutory period;

F. An order directing Defendant to pay Plaintiff and members of the collective interest, reasonable attorney's fees and all costs connected with this action; and

G. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**CAROL LEHMKUHL, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Courtney Lowery
Ark. Bar No. 2019236
courtney@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CAROL LEHMKUHL, Individually and on**              **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.              No. 4:20-cv-_____

**TRAVEL NURSE ACROSS AMERICA, LLC**              **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly worker for Travel Nurse Across America, LLC, within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>miscalculated overtime wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

_[signature]_
**CAROL LEHMKUHL**
May 15, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**