IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CAROL LEHMKUHL, Individually and on**            **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.            No. 4:20-cv-518-DPM

**TRAVEL NURSE ACROSS AMERICA, LLC**            **DEFENDANT**

## REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION, FOR APPROVAL AND DISTRIBUTION OF NOTICE AND FOR DISCLOSURE OF CONTACT INFORMATION

In responding to Plaintiff's Motion for Conditional Certification, Defendant wrongly focuses on merits-based and credibility-based arguments which cannot be considered at the current stage of the certification process. *See In re Pilgrim's Pride Fair Labor Stds. Act Litig.*, No. 1:07-cv-1832, 2008 U.S. Dist. LEXIS 93966, at *9 (W.D. Ark. Mar. 13, 2008); *see also Longcrier v. HL-A Co., Inc.*, 595 F. Supp. 2d 1218, 1238 (S.D. Ala. 2008); *Carmody v. Florida Ctr. For Recovery, Inc.*, No. 05-14295-CIV-MARRA/SELTZER, 2006 U.S. Dist. LEXIS 81640, at *4 (S.D. Fla. Nov. 7, 2006). Though these arguments might be appropriate at second stage (final certification), they are insufficient as a matter of law to rebut Plaintiff's evidence that the class members are similarly situated for notice purposes. Ultimately, Defendant has provided this Court with no basis for denying Plaintiff's well-supported request for conditional certification.

Section A below explains why this Court should grant Plaintiff's Motion for Conditional Certification despite Defendant's arguments. Section B below explains that Plaintiff's proposed notice method is reasonable, despite Defendant's arguments.

Page 1 of 16
**Carol Lehmkuhl, et al. v. Travel Nurse Across America, LLC**
**U.S.D.C. (E.D. Ark.) No. 4:20-cv-518-DPM**
**Reply in Support of Motion for Conditional Certification, etc.**

A.   **The Court should grant Plaintiff's Motion for Conditional Certification.**

Like throwing spaghetti at a wall, Defendant makes a variety of arguments against certification in its Response, while hoping something will stick. None of Defendant's arguments have merit and Plaintiff's Motion for Conditional Certification ("Motion") should be granted in full. First, Plaintiff's claims on behalf of Defendant's Medical Professionals are not so individualized that they cannot proceed collectively. *See* Section 1, *infra*. Plaintiff has demonstrated that Defendant has a policy of providing a housing per diem minus actual costs plus an on-call bonus without including the overage or bonus in its employees' regular rate. This policy applies to all of Defendant's traveling Medical Professionals. *See* Section 2 *infra*. Further, Plaintiff is not required to demonstrate that others wish to opt-in to this case but have done so regardless. *See* Section 3, *infra*. Finally, Defendant's argument that including the per diem in the regular rate would result in an overall net loss to Plaintiff because of tax liability is a complete red herring and utterly irrelevant to whether or not Plaintiff has met her burden at the conditional certification stage. *See* Section 4, *infra*.

  1. *Plaintiff's claims are not too individualized to proceed collectively.*

Defendant devotes much of its Response to falsely promoting the necessity of individual damage calculations, defenses and evidence, and concludes the class is too individualized to warrant certification. This is an inappropriate merits-based argument. Issues of manageability and individual inquiry are appropriately addressed at the decertification stage. As stated in *Holliday v. J S Express, Inc.*,

> As noted earlier, the first stage of certification requires nothing more than substantial allegations that putative class members were together the victims of a single decision, policy or plan. The Court need not make a credibility determination with respect to contradictory evidence presented

Page 2 of 16
**Carol Lehmkuhl, et al. v. Travel Nurse Across America, LLC**
**U.S.D.C. (E.D. Ark.) No. 4:20-cv-518-DPM**
**Reply in Support of Motion for Conditional Certification, etc.**

> by Defendant at this stage. Defendant's argument that there is no feasible way to adjudicate due to the necessity of individual inquiries is premature. Manageability is an issue for the second stage of the conditional certification analysis.

No. 4:12CV01732 ERW, 2013 U.S. Dist. LEXIS 75816, at *18–20 (E.D. Mo. May 30, 2013); *Vargas v. Gen. Nutrition Ctrs., Inc.*, No. 2:10-cv-867, 2012 U.S. Dist. LEXIS 115614, at *23 (W.D. Pa. Aug. 16, 2012).

Defendant supports its demand that this Court conduct decertification stage inquiries at the conditional certification stage by stating that Plaintiff herself has conceded that her whether her housing stipend was disproportionately large is an individual determination. Plaintiff has asserted that Defendant has a policy of providing a housing per diem and then deducting actual housing costs without including the overage in its employees' regular rates. See Pl.'s Resp. to M. for J. on the Pleadings, ECF No. 21. An individualized determination of hours worked and pay received will be required in almost every collective action because the number of hours worked and pay rates drive the calculation of damages. The possibility that a case may ultimately be decertified does not justify the denial of conditional certification.

Moreover, that a case might someday prove too unwieldy to proceed as a collective action "does not, under relevant caselaw, [sic] mean that notice may not fairly issue under the more lenient step one FLSA analysis." *White v. MPW Indus. Servs.*, 236 F.R.D. 363, 373 (E.D. Tenn. 2006). The potential for cases to be decertified is simply the expected outcome under the two-step analysis. *Edwards v. KB Home*, No. 3-11-240, 2012 U.S. Dist. LEXIS 186984, *23–24 (S.D. Tex. Sept. 25, 2012). Judicial economy is served by "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged activity" *Lara v. G&E Fla. Contractors, Ltd. Liab.*

Page 3 of 16
**Carol Lehmkuhl, et al. v. Travel Nurse Across America, LLC**
**U.S.D.C. (E.D. Ark.) No. 4:20-cv-518-DPM**
**Reply in Support of Motion for Conditional Certification, etc.**

*Co.*, No. 15-20306-CIV-MORE, 2015 U.S. Dist. LEXIS 105981, at *18–19 (S.D. Fla. July 21, 2015) (internal quotation marks omitted).

Ultimately, the need to determine class members' damages on an individualized basis should not bar conditional certification if the proposed class is otherwise similarly situated. *Maynor v. Dow Chem. Co.*, No. G-07-0504, 2008 U.S. Dist. LEXIS 42488, at *25 (S.D. Tex. May 28, 2008).[1] Notably, in *Williams v. King Bee Delivery, LLC*, the court rejected the defendant's argument that the class should be defined as including only employees who worked over forty hours per week. No. 5:15-cv-306-JMH, 2017 U.S. Dist. LEXIS 36195, at *15-16 (E.D. Ky. Mar. 14, 2017). Not only were the remedial purposes of the FLSA best served by defining the class in broader terms, but the court also held that "[i]f, after discovery, the parties find that an opt-in plaintiff was an independent contractor who did not work more than forty hours per week without receiving overtime wages, then he or she will simply be regarded as a member of the collective action with no damages." *Id.*

### 2. Plaintiff's declaration is sufficient to support conditional certification of a class of hourly employees.

Defendant's next argument requires the Court to engage in weighing the credibility of Plaintiff's declaration, which is inappropriate for this stage of certification. *In re Pilgrim's Pride Fair Labor Standards Act Litig.*, 2008 U.S. Dist. LEXIS 93966, at *9 (W.D. Ark. Mar. 13, 2008) ("at this stage, the Court does not make credibility

---

[1] *See also Jones v. AbClean, Inc.*, No. 1:08-CV-508, 2010 U.S. Dist. LEXIS 145462, at *23 (E.D. Tex. Feb. 8, 2010) (noting that that "the potential for individualized damages assessments and the assertion of individualized defenses is not a sufficient basis to preclude conditional certification"); *Rocha v. Gateway Funding Diversified Mortg. Servs., L.P.*, No. 15-482, 2016 U.S. Dist. LEXIS 71494, at *34–35 (E.D. Pa. June 1, 2016) (noting that the defendant's "argument that individualized determinations will make this case unsuitable for a collective proceeding is best left for the second stage of FLSA collective action certification") (internal citations and quotation marks omitted); *Dreyer v. Baker Hughes Oilfield Operations, Inc.*, No. H-08-1212, 2008 U.S. Dist. LEXIS 101297, *4–6 (S.D. Tex. Dec. 11, 2008) (explaining why an argument over individualized inquiries is "too far sweeping" at the notice stage).

Page 4 of 16
Carol Lehmkuhl, et al. v. Travel Nurse Across America, LLC
U.S.D.C. (E.D. Ark.) No. 4:20-cv-518-DPM
Reply in Support of Motion for Conditional Certification, etc.

determinations or resolve contradictory evidence presented by the parties") (citing *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1099 n.17 (11th Cir. 1996)); *see also Smith v. Frac Tech Servs.*, No. 4:09-cv-679-JLH, 2010 U.S. Dist. LEXIS 18657, at *13 (E.D. Ark. Feb. 26, 2010).

Plaintiff's declarations need only be based on personal knowledge. *Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 761–762 (N.D. Tex. 2013). Personal knowledge of an employer's practices can be gained through conversations with other employees and observations made in the course of employment and can include inferences and opinions that are grounded in personal observation and experience. *Rosello v. Avon Prods.*, No. 14-1815 (JAG/BJM), 2015 U.S. Dist. LEXIS 83388, *14–15 (D.P.R. June 24, 2015) (Mag. Judge) ("Personal knowledge may be contextually inferred, and courts at the conditional certification stage often presume an employee's familiarity with his employer's general practices and the general experiences of other employees.") (adopted at 2015 U.S. Dist. LEXIS 133159 (D.P.R. Sept. 28, 2015)); *McCloud v. McClinton Energy Grp., LLC*, No. 7:14-CV-120, 2015 U.S. Dist. LEXIS 20374, at *12, n. 5 (W.D. Tex. Feb. 20, 2015); *see also generally Banegas v. Calmar Corp.*, No. 15-593 SECTION "B"(1), 2015 U.S. Dist. LEXIS 104532, at *12 (E.D. La. Aug. 10, 2015) (finding that the plaintiff's affidavit was based on the plaintiff's own observations and conversations, which were sufficient to demonstrate personal knowledge); *Simmons v. Valspar*, No. 10-3026 (RHK/SER), 2011 U.S. Dist. LEXIS 39340, at *11 (D. Minn. Apr. 11, 2011) (rejecting employer's argument that employee affidavits were not based on personal knowledge and finding that "[i]t is reasonable to infer from the evidence submitted that Plaintiffs, as employees of Valspar, would have learned during the normal

**Page 5 of 16**
**Carol Lehmkuhl, et al. v. Travel Nurse Across America, LLC**
**U.S.D.C. (E.D. Ark.) No. 4:20-cv-518-DPM**
**Reply in Support of Motion for Conditional Certification, etc.**

course of their employment how the company operates and what the company's policies were") (internal citations, quotation marks and editing marks omitted).

In fact, Courts regularly reject the idea that even a single plaintiff's declaration is insufficient to support conditional certification. *See Juarez v. 449 Res., Inc.*, 29 F. Supp. 3d 363, 369 (S.D.N.Y. 2014) (recognizing that courts "often authorize notice based solely on the personal observations of one plaintiff's affidavit") (internal citations and quotation marks omitted).[2] The issue is whether the declaration supports a finding that the collective is sufficiently similar that notice should issue providing an opportunity to join the litigation.

Plaintiff's declaration meets this standard. In the declaration, Plaintiff describes her own experiences, her own observations of the members of the collective, and the policies of Defendant which resulted in the FLSA violations. *See generally*, Decl. of Carol Lehmkuhl ("Decl. Lehmkuhl"), ECF No. 5-7. Defendant asserts that the declaration is "her subjective view" that cannot support certification, but even a cursory glance at the declaration shows that it is full of fact statements based on Plaintiff's own experiences. Defs.' Response, p. 10. Plaintiff very clearly outlined Defendant's policies that violated the FLSA. Plaintiff and other traveling Medical Professionals were compensated with a base hourly rate, a $5.00 bonus for each hour on-call, and housing and meal stipends. Decl. Lehmkuhl ¶ 8. While Defendant's Medical Professionals

---

[2] *Hernandez v. Bare Burger Dio Inc.*, 2013 U.S. Dist. LEXIS 89254, at *7 (S.D.N.Y. June 18, 2013) ("[C]ourts in this circuit have routinely granted conditional collective certification based solely on the personal observations of one plaintiff's affidavit.") (collecting cases); *Austin v. Cuna Mut. Ins. Soc'y*, 232 F.R.D. 601, 606-07 (W.D. Wis. 2006); *Davis v. Novastar Mortg., Inc.*, 408 F. Supp. 2d 811, 816 (W.D. Mo. 2005) ("[I]n *Boyle v. Barber & Sons*, [2004 U.S. LEXIS 29168, *9 (W.D. Mo. May 21, 2004)], this Court granted conditional certification based on the affidavit of one former employee."); *Neagley v. Atascosa County EMS*, 2005 U.S. Dist. LEXIS 230, *6–11 (W.D. Tex. Jan. 7, 2005) (conditionally certifying class based solely on plaintiff's complaint); *Banegas v. Calmar Corp.*, 2015 U.S. Dist. LEXIS 104532, *10–13 (E.D. La. Aug. 6, 2015) (rejecting a categorical rule that conditional certification requires multiple named plaintiffs or multiple affidavits because it would categorically result in limited certification).

Page 6 of 16
Carol Lehmkuhl, et al. v. Travel Nurse Across America, LLC
U.S.D.C. (E.D. Ark.) No. 4:20-cv-518-DPM
Reply in Support of Motion for Conditional Certification, etc.

received overtime pay, Defendant calculated the overtime premium using only its employees' base hourly rate. *Id.* at ¶ 8. Defendant did not include the on-call bonus of the any overage remaining on the housing per diem in its Medical Professionals' regular rate. Id. at ¶ 8.

Plaintiff knows that these policies apply to all of Defendant's Medical Professionals because she has worked at multiple locations and interacted with other Medical Professionals who worked the same hours and were subject to the same pay policies. Decl. Lehmkuhl ¶ 7. Likewise, Defendant itself informed Plaintiff of its pay policies and told her these policies applied to all Medical Professionals. *Id.* at ¶ 7. Moreover, Plaintiff's descriptions of Defendant's pay policies are supported by Defendant's own website. *Id.* at ¶ 8.

These are *facts*, not merely conclusory allegations, which form the basis of the violations Plaintiffs have alleged and that are applicable to the entire collective. Indeed, these are the type of facts which supported conditional certification in *Fast v. Applebee's Int'l, Inc.*, No. 06-4146-CV-C-NKL, 2007 U.S. Dist. LEXIS 44365 (W.D. Mo. June 19, 2007). Defendant's effort to dispute those facts is nothing more than an attempt to make an inappropriate credibility-based argument. *Smith v. Frac Tech Servs.*, No. 4:09-cv-679-JLH, 2009 U.S. Dist. LEXIS 109930, at *12 (E.D. Ark. Nov. 24, 2009).

Moreover, the Court should disregard the declarations Defendant filed in support of its Response. The declarations have no bearing on whether Plaintiff has met her burden at this stage of the litigation. *See Becerra v. IM LLC-I*, No. CV 14-2671 (ADS)(ARL), 2015 U.S. Dist. LEXIS 56240, at *9 (E.D.N.Y. Apr. 29, 2015). Additionally, considering Defendant's declarations as against Plaintiff's would result in the Court

Page 7 of 16
**Carol Lehmkuhl, et al. v. Travel Nurse Across America, LLC**
**U.S.D.C. (E.D. Ark.) No. 4:20-cv-518-DPM**
**Reply in Support of Motion for Conditional Certification, etc.**

engaging in inappropriate credibility determinations. *See, e.g.*, *In re Pilgrim's Pride Fair Labor Stds. Act Litig.*, No. 1:07-cv-1832, 2008 U.S. Dist. LEXIS 93966, at *9 (W.D. Ark. Mar. 13, 2008); *see also Longcrier v. HL-A Co., Inc.*, 595 F. Supp. 2d 1218, 1238 (S.D. Ala. 2008); *Carmody v. Florida Ctr. For Recovery, Inc.*, 2006 U.S. Dist. LEXIS 81640, at *4 (S.D. Fla. Nov. 7, 2006).

   *3. Plaintiff is not required to demonstrate that others desire to opt in.*

Defendant argues that Plaintiff failed to demonstrate that employees actually desire to join. Courts in this circuit do not require such a showing. *See Adams v. United Cerebral Palsy of Cent. Ark., Inc.*, 2017 U.S. Dist. LEXIS 177470, *3–4 (E.D. Ark. Apr. 27, 2017); *see also* Order, *Haley v. Goodwill Indus. of Ark., Inc.*, Case No. 4:18-cv-485-KGB (E.D. Ark. July 15, 2019), ECF No. 19. Not only does the text of the FLSA not suggest such a requirement, but the proposed, extra-statutory hurdle is inconsistent with (1) the broad, remedial goal of the FLSA; (2) the notion that the FLSA should be liberally applied to the furthest reaches consistent with congressional direction; and (3) the relatively low burden at the conditional certification stage.[3] Better-reasoned cases reject the requirement that a plaintiff prove the existence of other putative plaintiffs *already desiring* to join the current litigation.[4] It makes no sense to demand that Plaintiff recruit others to join prior to their receipt of notice that they *can* join.

In fact, in a recent case in this District, the Court held that plaintiff declarations merely stating that other similarly situated employees wish to opt in "suffice to show that

---

[3]  *See* 29 U.S.C. § 201 *et seq.*; *Heckler v. DK Funding, LLC*, 502 F. Supp. 2d 777, 780 (N.D. Ill. 2007); *Shipes v. Amurcon Corp.*, U.S.D.C. Case No. 10-14943, *15 (E.D. Mich., March 23, 2012); *Miller v. Jackson, Tennessee, Hospital Co. LLC*, U.S.D.C. Case No. 3:10-1078, *13 (M. D. Tenn., March 21, 2011).
[4]  *See O'Donnell v. Robert Half International, Inc.*, 534 F. Supp. 2d 173, 179 (D. Mass. 2008); *Getchman v. Pyramid Consulting, Inc.*, 2017 U.S. Dist. LEXIS 25081, at *13 (E.D. Mo. Feb. 23, 2017) ("But evidence of 'interest' from similarly situated employees is not required at this stage of the case."); *Banegas v. Calmar Corp.*, 2015 U.S. Dist. LEXIS 104532, *14 (E.D. La. Aug. 6, 2015).

**Page 8 of 16**
**Carol Lehmkuhl, et al. v. Travel Nurse Across America, LLC**
**U.S.D.C. (E.D. Ark.) No. 4:20-cv-518-DPM**
**Reply in Support of Motion for Conditional Certification, etc.**

other similarly situated individuals desire to opt into this litigation." Order, *Hicks v. Lindsey Mgmt. Co.*, Case No. 3:18-cv-133-KGB (E.D. Ark. Feb. 11, 2019), ECF No. 19. Plaintiff's declaration clearly state not only that similarly situated employees exist, but that they desire to opt-in. Decl. Lehmkuhl ¶ 10. Despite not being required to do so, Plaintiff has clearly met this burden.

　　*4. Defendant's merits-based arguments are inappropriate and should be disregarded.*

Defendant's novel concern regarding the tax implications for including the housing allowance in its Medical Professionals' regular rates is not only an inappropriate merits-based argument, it is a red herring meant to distract this Court from Defendant's own liability. Plaintiff's counsel are not accountants, nor do they see the benefit of retaining a tax expert as Defendant's counsel has done at this early stage of litigation. Plaintiff's counsel's expertise lies in the various implications and violations of the FLSA, not in the tax code. Defendant's spurious claims regarding the intentions of Plaintiff's counsel in pursuing this case should be ignored, as should their arguments regarding potential tax liability for the putative class.

Likewise, a three-year statutory period is standard in granting conditional certification, as Courts tend to err on the side of over-inclusivity rather exclusivity.[5] Defendant's argument otherwise is an inappropriate merits-based argument. Defendant seeks to bully the Court into making a willfulness determination before the matter is ripe.

---

　　　　[5] *See, e.g.*, Order, *Turner v. Concentrix Servs., Inc.*, No. 1:18-cv-1072-SOH (W.D. Ark. Feb. 3, 2020), ECF No. 43 ("The parties each raise valid points, but the Court declines to order modification of Plaintiff's proposed temporal scope. 'At this stage in the litigation, judicial economy is served by conditionally certifying a larger, more inclusive class.' 'The Court will address opt-in plaintiffs with time-barred claims if and when they join the litigation.'") (quoting *Cruthis v. Vision's*, No. 4:12-cv-244- KGB, 2013 U.S. Dist. LEXIS 111156, at *12 (E.D. Ark. Aug. 7, 2013); *Cummings v. Bost, Inc.*, No. 2:14-cv-2090-PKH, 2015 WL 13655466, at *6 (W.D. Ark. Apr. 13, 2015)). *See also*, *Adkinson v. Tiger Eye Pizza, LLC*, No. 4:19-cv-4007, 2019 U.S. Dist. LEXIS 178897, at *21 (W.D. Ark. Oct. 16, 2019).

Page 9 of 16
Carol Lehmkuhl, et al. v. Travel Nurse Across America, LLC
U.S.D.C. (E.D. Ark.) No. 4:20-cv-518-DPM
Reply in Support of Motion for Conditional Certification, etc.

B. **Plaintiff's proposed methods of distribution of notice are reasonable.**

Defendant's objections to the proposed notice, and the notice process, are uniformly self-serving and meant to reduce case participation. Notice is a matter for the Court to decide. A plaintiff should be allowed to use the language of his choice in drafting the notice, and his notice language should be approved absent reasonable objection. *Vargas v. Richardson Trident Co.*, No. H-09-1674, 2010 U.S. Dist. LEXIS 15104, *36 (S.D. Tex. Feb. 22, 2010) (quoting *Gandhi v. Dell, Inc. & Dell Mktg. USA, L.P.*, No. 1:08-CV-248-JRN, 2009 U.S. Dist. LEXIS 96793, *5–6 (W.D. Tex. Oct. 20, 2009)). "The only changes made by the Court result from its duty to ensure that the notice is fair and accurate." *Id.* (internal quotation marks omitted). Defendant's objections to Plaintiff's proposed notice and proposed methods of distribution are not reasonable, nor do they serve to make the notice process more fair or accurate.

1. *The Court should allow dissemination of notice in the manner requested.*

Distribution of notice by multiple means is a commonly accepted practice in FLSA-based collective actions. *See Hussein v. Capital Bldg. Servs. Grp.*, 152 F. Supp. 3d 1182 (D. Minn. 2015) (authorizing notice via mail, posted notice, reminder letter and reminder email over the defendant's request that only one form of notice be provided); *Shoots v. iQor Holdings US Inc.*, No. 15-CV-563 (SRN/SER), 2015 U.S. Dist. LEXIS 141617, *71–73 (D. Minn. Oct. 19, 2015) (authorizing notice via mail, email and workplace posting, as well as a reminder notice); *Rhodes v. Truman Med. Ctr., Inc.*, No. 4:13-cv-990-NKL, 2014 U.S. Dist. LEXIS 133281, *11–12 (W.D. Mo. Sept. 23, 2014) (authorizing notice via mail, email, and workplace posting, as well as a reminder postcard to "help ensure that all putative Plaintiffs are provided an adequate opportunity

Page 10 of 16
Carol Lehmkuhl, et al. v. Travel Nurse Across America, LLC
U.S.D.C. (E.D. Ark.) No. 4:20-cv-518-DPM
Reply in Support of Motion for Conditional Certification, etc.

to 'opt in' to the action"); *Margulies v. Tri-County Metro. Transp. Dist. of Or.*, No. 3:13-cv-475-PK, 2013 U.S. Dist. LEXIS 146484, *59–61 (D. Or. Oct. 10, 2013) (authorizing notice via mail, email and workplace posting). Distribution by multiple forms serves the purpose of "ensur[ing] that potential plaintiffs receive notice in a timely and efficient manner." *Hussein*, 152 F. Supp. 3d at 1198.

Defendant's argument that a reminder postcard could be interpreted as judicial endorsement can be disregarded as being in bad faith. Moreover, courts have repeatedly rejected this argument. Opinion and Order, *Coates v. Dassault Falcon Jet Corp.*, No. 4:17-cv-372-JLH (E.D. Ark. Nov. 21, 2017), ECF No. 34. For example, the court in *Kutzback v. LMS Intellibound, LLC*, stated:

> The Court believes that, given the language of the notice that clearly states that it is the individual's choice to act or not to act in response to the notice, the risk that a reminder postcard could be construed as any more encouragement by the court to join the lawsuit than the initial notice is low and is outweighed by the concern that all potential opt-in plaintiffs properly receive notification of the collective action.

No. 2:13-cv-2767-JTF-cgc, 2014 U.S. Dist. LEXIS 174558, *39 (W.D. Tenn. Dec. 16, 2014); *See also*, *Rhodes*, 2014 U.S. Dist. LEXIS 133281 at *11–12; *Hart v. U.S. Bank NA*, No. CV 12-2471-PHX-JAT, 2013 U.S. Dist. LEXIS 160147, *20 (D. Ariz. Nov. 8, 2013) (authorizing plaintiffs to "mail a single reminder notice at some point, within its own discretion, between mailing the initial notice and the close of the opt-in period"); *Helton v. Factor 5, Inc.*, No. C 10-04927 SBA, 2012 U.S. Dist. LEXIS 88440, *21 (N.D. Cal. Jun. 26, 2012) (authorizing a reminder postcard to be sent to potential plaintiffs thirty days prior to the deadline for opting into the action).

The proposed notice makes clear that joining the case is the prerogative of the individual, so there is no realistic risk that the postcard would be perceived as

Page 11 of 16
**Carol Lehmkuhl, et al. v. Travel Nurse Across America, LLC**
**U.S.D.C. (E.D. Ark.) No. 4:20-cv-518-DPM**
**Reply in Support of Motion for Conditional Certification, etc.**

inappropriate encouragement of participation. Rather, the reminder postcard serves the critical function of ensuring that actual notice has been received by the class members <u>and</u> that all consents to join have been received by Plaintiffs' counsel.

Defendant's objection to electronic consent forms is clearly a spurious attempt to limit participation. Defendant sites to a single case for the proposition that an electronic consent is somehow not "signed by the person whose consent it purports to be," a premise that calls into question Defendant's counsel's own signature at the bottom of its Response brief. The case was decided in 1962, prior to the dawn of the wonders of the digital age, but even the *Kulik* court recognized that a typewritten signature may be "proved to be the signature of and by that person." *Kulik v. Superior Pipe Specialties Co.*, 203 F. Supp. 938, 941 (N.D. Ill. 1962). Regardless, this Court has joined the swath of courts across the nation that recognize the validity of electronic consents. *See* Consents to Join, ECF No. 12, *Trendia Bailey, et al. v. Jefferson County,* No. 5:18-cv-222-DPM (E.D. Ark. Feb. 20, 2019) (filing of 11 "electronic" consents).

    2. *The Court should allow dissemination of Notice in the form requested.*

Plaintiff's proposed Notice essentially copies the *de facto* standard in this district. Notice that is identical in form to Plaintiff's proposed notice in this case has been approved by this Court multiple times in the past few years alone. *See, e.g.*, *Coates, et al. v. Dassault Falcon Jet Corp.*, No. 4:17-372-JLH, ECF No. 34 (E.D. Ark. Nov. 21, 2017); *Latcham, et al. v. U.S. Pizza Company, Inc.*, No. 4:16-cv-285-BSM, ECF No. 14 (E.D. Ark. June 5, 2017); *Helms, et al. v. Ford Engineering, Inc., et al.* No. 4:16-cv-541-DPM, ECF No. 19 (E.D. Ark. Aug. 3, 2017); *Floyd, et al. v. Allied Food Industries, Inc.*, No. 4:17-cv-613-BRW, ECF No. 20 (E.D. Ark. May 24, 2018); *Womack, et al. v. St.*

Page 12 of 16
**Carol Lehmkuhl, et al. v. Travel Nurse Across America, LLC**
**U.S.D.C. (E.D. Ark.) No. 4:20-cv-518-DPM**
**Reply in Support of Motion for Conditional Certification, etc.**

*Francis County, Arkansas*, No. 2:17-cv-205-BRW, ECF No. 12 (E.D. Ark. March 8, 2018); *Ash, et al. v. K-Mac Enterprises, Inc.*, No. 4:17-cv-385-DPM, ECF No. 22 (E.D. Ark. Dec. 27, 2017); *Adams, et al. v. United Cerebral Palsy of Central Arkansas, Inc., et al.*, No. 4:16-cv-930-JLH, ECF No. 14 (E.D. Ark. April 27, 2017).

Regardless, Plaintiff is happy to confer about the content of the notice and consent if certification is granted, provided Defendant agree to a tolling of the statute of limitations for the amount of time it takes to come to an agreed form.

Defendant raises objections to many aspects of Plaintiff's Notice without providing any explanation or offering any alternative. These meritless objections can be discounted as not in good faith. The remaining objections are designed to chill participation. For example, Defendant's scare tactic embodied in its unjust insistence on the inclusion of a cost-shifting warning is not even-handed. Courts exclude the cost-shifting language proposed by Defendant because 1) the FLSA is remedial and was enacted to protect workers, and specifically authorizes an award of costs to a plaintiff but fails to provide for such an award to a defendant; and 2) such language would chill participation in the lawsuit. *See* 29 U.S.C.S. § 202, 216(b); *Phelps v. MC Communs., Inc.*, No. 2:11-CV-00423-PMP-LRL, 2011 U.S. Dist. LEXIS 84428, at *18–20 (D. Nev. Aug. 1, 2011) (refusing to include a statement that potential plaintiffs might be liable for the defendants' costs and attorney's fees because such language "would serve only to discourage putative collective action members from joining the suit").[6]

---

[6] *See also Fox v. Western Talk, L.C.*, 2013 U.S. Dist. LEXIS 153892, at *12 (S.D. Tex. Oct. 28, 2013); *McKeen-Chaplin v. Provident Sav. Bank*, 2013 U.S. Dist. LEXIS 113654, at *21–22 (E.D. Cal. Aug. 9, 2013); Order at 1, *Lyons v. ConAgra Foods Packaged Foods, LLC*, No. 4:12-cv-0245-JM (E.D. Ark. Oct. 26, 2012), ECF No. 190; *Siewmungal v. Nelson Mgmt. Grp. Ltd.*, 2012 U.S. Dist. LEXIS 28181, at *12 (E.D.N.Y. Mar. 3, 2012); *Ondes v. Monsanto Co.*, 2012 U.S. Dist. LEXIS 2596, at *6–7 (E.D. Mo. Jan. 10, 2012); *Martinez v. Cargill Meat Solutions*, 265 F.R.D. 490, 500 (D. Neb. 2009); *Austin v. Cuna Mut. Ins. Soc'y*, 232 F.R.D. 601, 601 (W.D. Wis. 2006).

**Page 13 of 16**
**Carol Lehmkuhl, et al. v. Travel Nurse Across America, LLC**
**U.S.D.C. (E.D. Ark.) No. 4:20-cv-518-DPM**
**Reply in Support of Motion for Conditional Certification, etc.**

In *Lyons v. ConAgra Foods Packaged Foods, LLC*, Case No. 4:12-CV-245-JM (E.D. Ark.), the Honorable James M. Moody rejected the inclusion of cost-shifting language in the collective action notice, finding that Section 216(b):

> specifically provides that prevailing plaintiffs should be awarded attorneys' fees and costs; it is silent as to prevailing defendants. Because the law is unsettled as to whether such costs should be awarded, the Court finds the inclusion of such a statement improper at this time as it would unreasonably chill participation in this case. Accordingly, this language should not be included in the notice.

Order, *Lyons*, Case No. 4:12-cv-245-JM (E.D. Ark., Oct. 26, 2012), ECF No. 190; *See also Fezard v. United Cerebral Palsy of Central Arkansas*, Case No. 4:13-cv-206-JM (E.D. Ark. Aug. 19, 2013). This Court should likewise reject Defendant's proposal to include a cost-shifting provision in the Notice. The same analysis should be applied to Defendant's insistence on the inclusion of tax information. As stated earlier, Plaintiff's counsel are not accountants and should not be in the business of providing tax information.

Defendant's remaining objections to Plaintiff's proposed notice are also meritless and designed to chill participation in the case. As far as Plaintiff is aware, no district court in Arkansas has ever required the issuance of a collective action notice that did not include a case caption. Courts approve the sending of captioned notices that contain disclaimers of judicial approval, as seen in Section 2 of Plaintiff's proposed notice, so that recipients can identify the lawsuit that they are being invited to join and will not confuse the notice for "junk mail," making the notice more fair and accurate. *See, e.g.*, *Carlson v. Leprino Foods Co.*, 2006 U.S. Dist. LEXIS 62320, at *3 (W.D.

**Page 14 of 16**
**Carol Lehmkuhl, et al. v. Travel Nurse Across America, LLC**
**U.S.D.C. (E.D. Ark.) No. 4:20-cv-518-DPM**
**Reply in Support of Motion for Conditional Certification, etc.**

Mich. Aug. 15, 2006). [7] Likewise, Defendant's objections to any mention of time sensitivity or a consent due date is an obvious attempt to prevent participation by hoping that more potential opt-ins will miss the deadline to join. Defendant's argument that Plaintiff's counsel's contact information is listed in the Notice too many times is nothing more than a self-serving attempt to make it harder for potential plaintiffs to gather information and opt in to the case.

**C.     Conclusion**

Plaintiff have met the burden of demonstrating that she and the collective are similarly situated for purposes of conditional certification and distribution of notice. Defendant's arguments to the contrary are either inappropriate credibility-based or merits-based arguments, which are appropriate only at the final certification stage. Further, Plaintiff's proposed Notice and distribution plan are fair and consistent with both common practice and the purposes of the FLSA. The Court should grant Plaintiff's Motion for Conditional Certification in its entirety.

---

[7]     *See also*, *Putnam v. Galaxy 1 Mktg.*, 276 F.R.D. 264, 276–277 (S.D. Iowa 2011); *Acevedo v. Workfit Med. LLC*, 2014 U.S. Dist. LEXIS 152119, *11–12 (W.D.N.Y. Oct. 24, 2014); *Bland v. PNC Bank, N.A.*, 2015 U.S. Dist. LEXIS 159579, at *10 (W.D. Pa. Nov. 25, 2015).

**Page 15 of 16**
**Carol Lehmkuhl, et al. v. Travel Nurse Across America, LLC**
**U.S.D.C. (E.D. Ark.) No. 4:20-cv-518-DPM**
**Reply in Support of Motion for Conditional Certification, etc.**

Respectfully submitted,

**CAROL LEHMKUHL, Individually
and on behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Courtney Lowery
Ark. Bar No. 2019236
courtney@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**Page 16 of 16
Carol Lehmkuhl, et al. v. Travel Nurse Across America, LLC
U.S.D.C. (E.D. Ark.) No. 4:20-cv-518-DPM
Reply in Support of Motion for Conditional Certification, etc.**