## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

CAROL LEHMKUHL, Individually and
on Behalf of All Others Similarly Situated                  PLAINTIFF

v.                            No. 4:20-cv-518-DPM

TRAVEL NURSE ACROSS
AMERICA, LLC                                            DEFENDANT

## ORDER

1. Lehmkuhl amended her complaint, adding particulars about the meal and housing allowances.  Travel Nurse again moves for judgment as a matter of law, FED. R. CIV. P. 12(c), on Lehmkuhl's overtime claims about those allowances.  The Court accepts all the pleaded facts as true and takes all reasonable inferences in Lehmkuhl's favor.  *Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008).  The Court also notices the approved federal per diem rates.  *Stahl v. U.S. Department of Agriculture*, 327 F.3d 697, 700 (8th Cir. 2003).  Lehmkuhl still hasn't pleaded sufficient facts plausibly showing that the allowances were not excludable because they didn't reasonably approximate travel expenses incurred.  29 U.S.C. § 207(e)(2);  29 C.F.R. § 778.217(a).   Instead, the pleaded facts and applicable federal regulations and guidance show that Lehmkuhl has no claim here.

Lehmkuhl received $83.00 a day for housing.  *Doc. 15 at ¶ 26.*  She worked in Grand Traverse county, Michigan.  The approved rate for a housing allowance in that place during the period Lehmkuhl worked there was $109.00 a day.  29 C.F.R. § 778.217(c)(2);  26 C.F.R. § 1.274-5(g);  U.S. GENERAL SERVICES ADMINISTRATION, *FY 2020 Per Diem Rates for Michigan*:  *Lodging Rates for Grand Traverse County* (last visited 2 October 2020).  Lehmkuhl received $51.00 a day for meals and incidentals.  *Doc. 15 at ¶ 28.*  The approved rate for a meal allowance was $66.00 a day.  29 C.F.R. § 778.217(c)(2);  26 C.F.R. § 1.274-5(g);  U.S. GENERAL SERVICES ADMINISTRATION, *FY 2020 Per Diem Rates for Michigan*:  *Meals & Incidentals Rates for Grand Traverse County* (last visited 2 October 2020).  Travel Nurse's daily housing and meal allowances to Lehmkuhl were *per se* reasonable because they were less than the maximum per diem allowance permitted by regulatory guidance.  Travel Nurse is therefore entitled to judgment as a matter of law on Lehmkuhl's claims arising from Travel Nurse's exclusion of housing and meal allowances.

**2.** Lehmkuhl's motion for conditional certification of a collective action, *Doc. 5*, is granted as modified.  The group is limited to the bonus issue.  The Court conditionally certifies this group:

> All hourly paid medical professionals employed by Travel Nurse since 15 May 2017[*] who earned an on-call bonus

---

[*] The Court reserves decision on the equitable tolling question.

connected with work performed in any week in which they worked more than forty hours.

Lehmkuhl has met the lenient applicable standard for showing that this group's members are similarly situated. *Helmert v. Butterball, LLC*, 2009 WL 5066759, at *3 (E.D. Ark. 15 December 2009).  She's made the modest factual showing—through pleadings and her affidavit—that the same kind of wage violation allegedly harmed all members of the group.  *Garrison v. ConAgra Foods Packaged Food, LLC*, 2013 WL 1247649, at *2 (E.D. Ark. 27 March 2013).  Travel Nurse did not include the hourly on-call bonus in calculating overtime.  And within the group, the employees had similar duties and were subject to a uniform pay policy about the bonus and overtime.  Because of the embedded factual tangle presented, Travel Nurse's standing objection is reserved for resolution at the dispositive-motion stage.

Please change the proposed notice and consent forms to reflect the modified group definition.  Notice to group members by U.S. mail or email (at group counsel's election) is fine.  One follow-up by postcard or email is fine, too.  If notice is sent by mail, do not enclose the pleadings.  Travel Nurse must provide all the contact information by 16 October 2020.  The opt-in period will close on 15 January 2021. Travel Nurse's other objections on the notice issues are overruled.

So Ordered.

_D.P. Marshall Jr._
D.P. Marshall Jr.
United States District Judge

2 October 2020