UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CAROL LEHMKUHL,
Individually and on Behalf of All
Others Similarly Situated

        Plaintiff,

versus

TRAVEL NURSE ACROSS
AMERICA, LLC

        Defendant.

Case No. 4:20-cv-518-DPM

## STIPULATED PROTECTIVE ORDER

For good cause shown, it is hereby ORDERED that:

1. This Stipulated Protective Order ("Order") shall be applicable to and shall govern the use and dissemination of the contact information of members of the FLSA collective group conditionally certified by the Court pursuant to the Court's Order entered October 2, 2020 (Dkt. No. 26) or as otherwise modified by the Court.

2. All contact information of members of the group which Defendant has been ordered to produce, in whatever form produced or disclosed (hereinafter, "Confidential Contact Information"), shall not be used by Plaintiff or her counsel for any purpose other than disseminating the Court-approved notices and forms in this matter.

3. Confidential Contact Information, and any summary, description, or report containing such Confidential Contact Information, may be disclosed only to Plaintiff's counsel of record, and any other counsel for a party that appears in this action, and their paralegal assistants, law clerks, stenographer and clerical employees who are assisting in the prosecution, defense and/or appeal of this action.

4. A person receiving Confidential Contact Information shall not disclose such information to any person who is not entitled to receive such information under this Order. If Confidential Contact Information is disclosed to any person not entitled to receive disclosure of such information under this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the producing party and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to retrieve such material and to prevent further disclosure by it or by the person who received such information.

5. Confidential Contact Information must not be filed on the docket. If practicable, it should be redacted. Fed. R. Civ. P. 5.2. If an entire page consists of Confidential Contact Information, substituting a page marked "Redacted" is a permissible redaction practice. If redaction is impracticable, a party must move for permission to file any information designated as Confidential Contact Information and a related motion, brief in support, or paper, containing the material at issue under seal. The movant must justify sealing in good faith, including an explanation as to why redaction would be impracticable.

6. Nothing in this Order shall prejudice the right of the parties to do the following:

   a. in complying with the procedure for discovery disputes provided in the Initial Scheduling Order (Dkt. No. 29 at 4), bring before the Court a question of whether any alleged document or information is confidential or whether its use should be restricted; or

   b. to file a motion for the Court's consideration under Rule 26 of the Federal Rules of Civil Procedure for a separate protective order with respect any document or information including restrictions differing from those specified herein. This

Order shall not be deemed to prejudice the parties in any manner regarding future application for modification of this Order.

7. Nothing in this Order shall be construed as applying to or restricting Defendant's use and dissemination of Confidential Contact Information.

8. In the event any other party is added or substituted into this case, such added or substituted party may elect to become subject to the terms of this Protective Order by serving a notice of its election on counsel for each party. After service of such a notice of election, this Protective Order will be binding on and inure to the benefit of such added or substituted party.

9. This Order shall remain in full force and effect for one year after this case ends, including all appellate proceedings. Thereafter, the obligations imposed shall continue, but shall be solely as a matter of contract between the parties.

10. Within ninety (90) days after final termination of this action (including all appellate proceedings), and upon the request of Defendant, all Confidential Contact Information in possession of Plaintiff or Plaintiff's attorneys, consultants, and agents shall be returned to Defendant or destroyed.

**IT IS SO ORDERED.**

_____
Hon. D.P. Marshall Jr.
United States District Judge

Date: 23 November 2020

**Prepared by:**
Dylan H. Potts (ABA # 2001258)
GILL RAGON OWEN, P.A.
425 West Capitol Avenue, Suite 3800
Little Rock, Arkansas 72201
Telephone: (501) 376-3800
Fax: (501) 372-3359
potts@gill-law.com