IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CAROL LEHMKUHL, Individually and on
Behalf of All Others Similarly Situated                                PLAINTIFF

v.                          No. 4:20-cv-518-DPM

TRAVEL NURSE ACROSS AMERICA,
LLC                                                                    DEFENDANT

ORDER

Based on Lehmkuhl's allegations and declaration, the Court conditionally certified a collective action of hourly paid medical professionals whose overtime pay was allegedly shorted by how Travel Nurse accounts for bonuses. *Doc. 26 at ¶ 2.* At the parties' joint request, so they could talk settlement, the Court delayed Travel Nurse's deadline to provide contact information. *Doc. 31.* Those talks were unsuccessful. A flurry of motions has resulted: the collective seeks immediate disclosure of the contact information; Travel Nurse seeks summary judgment based on Lehmkuhl's payroll records, as well as an immediate hearing and suspension of the 16 December 2020 deadline for disclosing contact information. Lehmkuhl doesn't dispute the material facts about her pay and overtime. *Doc. 47.*

However one does the calculation, according to the methods approved by various federal courts of appeal, *compare, e.g., Howard v.*

*City of Springfield, Illinois*, 274 F.3d 1141, 1149 (7th Cir. 2001), *with Kohlheim v. Glynn County, Georgia*, 915 F.2d 1473, 1481 (11th Cir. 1990), Lehmkuhl actually received more pay than she would be entitled to under her theory of the case about Travel Nurse's calculations. She wasn't shorted. The Court takes the quasi-expert declaration from one of Travel Nurse's lawyers with all the calculations as argument. *Compare* ARK. R. PROF'L CONDUCT 3.7(a). It is an act of supererogation, for the undisputed material facts are established by the parties' Local Rule 56.1 statements. *Doc. 40 & 47*. The math follows.

Lehmkuhl argues that the collective has an existence beyond her and should continue no matter what. The Court is unpersuaded. Unlike a Federal Rule of Civil Procedure 23 class, a conditionally certified collective has no independent legal status. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75, 133 S. Ct. 1523, 1530 (2013). The Court conditionally certified the group based on Lehmkuhl's circumstances and the liklihood that others were similarly situated. Lehmkuhl's underpayment was the essential premise. Whether the collective should continue now depends on whether another employee (or former employee) comes forward and makes a tentative showing about lost wages rooted in Travel Nurse's policy about overtime and bonuses. Absent such a new plaintiff, there can be no group. *Conners v. Gusano's Chicago Style Pizzeria*, 779 F.3d 835, 841 (8th Cir. 2015).

Considering all material circumstances, and especially the post-conditional-certification timing of Travel Nurse's early motion for summary judgment, the Court concludes that the interests of justice favor allowing an amended complaint. FED. R. CIV. P. 15(a)(2). Travel Nurse's motion for summary judgment, *Doc. 38*, is granted and Lehmkuhl's claims will be dismissed because she wasn't injured by Travel Nurse's overtime policies. *Sierra Club v. Kimbell*, 623 F.3d 549, 556 (8th Cir. 2010). Lehmkuhl's desire to defend the rights of potential group members doesn't give her standing. *Conners*, 779 F.3d at 841. But the Court will withhold entry of judgment to allow the filing of an amended complaint. Contrary to Travel Nurse's argument, it is not conclusively established that other potential group members likewise lost no wages. Any amended complaint (verified or with a supporting declaration) is due by 22 January 2021. The motion for immediate disclosure, *Doc. 32*, is denied. The 16 December 2020 disclosure deadline is suspended until further Order. Travel Nurse's motion for hearing, *Doc. 42*, is denied as moot.

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

4 December 2020